ESTEBAN-TRINIDAD LAW, P.C.
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 006967
4315 N. Rancho Drive, Ste. 110
Las Vegas, Nevada 89130
Telephone: (702) 736-5297
Facsimile: (702) 736-5299

Attorney for Plaintiff,
ANGELA HOLLAND

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEVADA

ANGELA HOLLAND, an individual;
      Plaintiff,

vs.

THE STATE OF NEVADA, ex rel BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the COLLEGE OF SOUTHERN NEVADA; DOES 1 through 10, inclusive; ROES Corporations and entities 1 through 10, inclusive;

      Defendants

Case No: _____

**VERIFIED COMPLAINT**
*(Jury Trial Demanded)*

Plaintiff ANGELA HOLLAND for her causes of action against the above-named Defendants, complains and alleges as follows:

**I.
INTRODUCTION**

The College of Southern Nevada ("CSN" and/or "Defendant") subjected Plaintiff Angela Holland, a tenured professor, to discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA").

…

…

-1-

## II.
## **GENERAL ALLEGATIONS**

1. This is an action brought pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter involves a federal question.

3. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred in the District of Nevada. Venue is also proper in this District under 28 U.S.C. §1391(b)(1) because Defendant resides in the District of Nevada.

4. Plaintiff ANGELA HOLLAND is and was, at all times relevant herein, and at time of filing this lawsuit, an individual presently residing in the State of Nevada, Las Vegas, Nevada, Clark County. Plaintiff was an "employee" under 42 U.S.C. §2000e (f) and 29 U.S.C. §203(e), for the purposes of this action.

5. Upon information and belief, Defendant STATE OF NEVADA, ex rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ("NSHEBR"), on behalf of COLLEGE OF SOUTHERN NEVADA is a political subdivision of the State of Nevada, and operates the College of Southern Nevada ("CSN'), a public educational institution of higher learning.

6. Defendants, and each of them, are an "employer" under 42 U.S.C. §2000e(b), and 29 U.S.C. §203(d) for purposes of this action. Defendants have over 15 employees.

7. Plaintiff timely files this suit following receipt of Right to Sue Letter from the Equal Employment Opportunity Commission (EEOC). Plaintiff complied with all of the administrative requisites of the Nevada Equal Rights Commission (NERC) and the EEOC to file suit against Defendants, under federal laws.

8. Upon information and belief, and at all times relevant hereto, Defendants named and/or fictitiously named, and/or other names, or each of them, were the agents, ostensible agents, servants, employees, employers, alter-egos, partners, co-owners and/or joint venture's of each other and of their co-Defendants, and were acting within the color, purpose, and scope of their employment, agency, ownership, and/or joint ventures, and by reason of such relationships, the Defendants, and each of them, are jointly and severally responsible and liable for the acts or omissions of their co-Defendants, as alleged herein. The true names and capacities whether individual, corporate, associate or otherwise of Defendants DOES I through X, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore, alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to and legally caused injury and damages proximately thereby to Plaintiff as herein alleged. Plaintiff is informed and believes and thereon alleges that Defendants participated in, ratified and/or condoned the acts complained of in Plaintiff's Complaint and the subject matters of this action.

## III.
## **FACTUAL ALLEGATIONS**

9. On or about January 15, 2004, Defendants hired Plaintiff as an Instructor.

10. At time of filing this Complaint, Plaintiff is a tenured Professor with Defendant.

11. Throughout Plaintiff's employment, Plaintiff received excellent performance evaluations. Plaintiff was appointed to several committees over the years.

12. In or about Spring 2007, Plaintiff was promoted to Lead Faculty, a supervisory position, overseeing all Part-Time faculty for the Department of Communication at CSN. Plaintiff remained in this supervisory position from January 2007 until August 2010.

13. In or about Fall 2006, Plaintiff applied for tenure status and was awarded tenure and title of Professor by the Nevada Board of Regents in or about July 2007. Plaintiff continued to receive excellent performance evaluations and serve on committees through 2014.

14. In or about August 2014, Plaintiff was on Family Medical Leave Act (FMLA) Leave for an accommodation. Nonetheless, Plaintiff continued to perform her duties with CSN to the same level of excellence and dedication.

15. Plaintiff is presently suffering from a medical condition/disability affecting her major life activities but is able to perform the essential functions of her position with reasonable accommodation.

16. Plaintiff has made Defendant aware of Plaintiff's medical condition and/or disability requiring reasonable accommodation.

17. Defendant has failed, refused and/or otherwise neglected to engage in an interactive process with Plaintiff to determine her reasonable accommodation for her disability.

18. Plaintiff complained to Defendant about what she perceived to be discrimination.

19. Plaintiff believes Defendant has retaliated against her and is continuing to retaliate against her because of her perceived and/or actual disability and/or because of her complaints of discrimination, including, but not limited to, being removed from departmental e-mail lists so that Plaintiff is unaware of scheduled meetings.

20. As of date of filing this Complaint, Plaintiff does not believe that Defendants have engaged in the interactive process with her and/or have refused, neglected and/or failed to provide her with a reasonable accommodation, including, but not limited to, reasonable requests of technical aids to aid her in the performance of her job.

21. Defendants subjected Plaintiff to disability discrimination and/or perceived disability discrimination, refused to engage in the interactive process with Plaintiff and denying her reasonable accommodations as required by the ADA.

## IV.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT (ADA) / 42 U.S.C. §§ 12101 *et. seq.*

22. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

23. Plaintiff is a qualified individual with a disability.

24. Plaintiff can perform the essential functions of her job with reasonable accommodation.

25. Defendants took adverse employment action against Plaintiff, including, but not limited to, subjecting Plaintiff to harassment, hostile work environment, and/or retaliation, by treating Plaintiff differently because of her actual and/or perceived disability discrimination.

26. Plaintiff was disabled and/or regarded as disabled at the time of Defendants' adverse action.

27. Defendant took these adverse actions against Plaintiff because of his disability and/or perceived disability.

28. By subjecting Plaintiff to intentional disability discrimination, harassment, and hostile work environment, Defendant violated the Americans with Disabilities Act (ADA).

29. That as a direct and proximate result of Defendants' acts and conduct, Plaintiff incurred and continues to incur, economic damages, great pain of body and mind, medical and future medical expenses, loss of earnings, loss of earning capacity, loss of enjoyment of life, and other damages, all to Plaintiff's detriment in an amount to be determined, according to proof at time of trial.

30. As a further result of Defendants' above described actions, Plaintiff has been required to engage the services of attorneys and is, therefore, entitled to an award of reasonable attorneys' fees, costs and interest/incurred herein.

## SECOND CAUSE OF ACTION
## RETALIATION
## AMERICANS WITH DISABILITIES ACT (ADA) / 42 U.S.C. §§ 12101 *et. seq.*

31. Plaintiff repeats and re-alleges each and every allegation made in the paragraphs above, as though set forth fully herein.

32. Defendant retaliated against Plaintiff in violation of the ADA by taking adverse employment actions against her because he opposed practices of Defendants that are unlawful under Americans with Disabilities Act.

33. Defendant performed these retaliatory actions because Plaintiff opposed practices of Defendant that are unlawful by the Americans with Disabilities Act.

34. That, as a direct and proximate result of Defendant's acts and conduct, Plaintiff incurred and continues to incur medical expenses, possible future medical expenses, great pain of body and mind, loss of earnings, loss of earning capacity, loss of enjoyment of life, all to Plaintiff's detriment in an amount to be determined, according to proof at time of trial.

35. As a further result of Defendant's above actions, Plaintiff has been required to engage the services of attorneys and is, therefore, entitled to an award of reasonable attorneys' fees, costs and interest/incurred herein.

WHEREFORE, Plaintiff prays for the following relief:

1. Back-pay, front pay, lost benefits, statutory and other recoverable damages, and pre-judgment interest and post-judgment interest;

2.  Compensatory damages, and damages for mental or emotional pain and suffering, as permitted by applicable law, according to proof, to be determined at time of trial;

3.  Punitive and/or other permissible damages, according to proof to be determined at time of trial;

4.  Attorney's fees, expenses and costs of suit; and

5.  Such other and further relief as the Court may wish to entertain.

DATED this 5th day of June, 2015.

**ESTEBAN-TRINIDAD LAW, P.C.**

BY: /s/ M. Lani Esteban-Trinidad
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 006967
4315 N. Rancho Drive, Ste. 110
Las Vegas, Nevada 89130
Telephone: (702) 736-5297
Facsimile: (702) 736-5299

Attorney for Plaintiff,
ANGELA HOLLAND

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

DATED this 5th day of June, 2015.

**ESTEBAN-TRINIDAD LAW, P.C.**

BY: /s/ M. Lani Esteban-Trinidad
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 006967
4315 N. Rancho Drive, Ste. 110
Las Vegas, Nevada 89130
Tel: (702) 736-5297
Fax: (702) 736-5299

Attorney for Plaintiff,
ANGELA HOLLAND

## VERIFICATION

STATE OF NEVADA   )
                 ) ss:
COUNTY OF CLARK   )

I, ANGELA HOLLAND, being first duly sworn, deposes and says:

That I am the Plaintiff in the above-entitled action; that I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; that the same is true of my own knowledge except for those matters therein contained stated upon information and belief, and as to those matters, I believe them to be true.

_____
ANGELA HOLLAND

State of Nevada
County of Clark

SUBSCRIBED AND SWORN TO before me this __4th__ day of __June__, 2015 By __Angela Holland__

_____
NOTARY PUBLIC in and for said County and State.

JANE VEA
Notary Public, State of Nevada
Appointment No. 04-92014-1
My Appt. Expires May 25, 2017

-1-